DAVID HUBBERT
Deputy Assistant Attorney General

TY HALASZ (Colorado Bar)
MATTHEW P. UHALDE (New York Bar)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
*Tel.* (202) 307-6484 (Halasz)
*Tel.* (202) 353-0013 (Uhalde)
Fax. (202) 307-0054
Ty.Halasz@usdoj.gov
Matthew.P.Uhalde@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case No. 2:21-cv-01535-KJM-AC |
| Plaintiff, | |
| v. | **Stipulated Permanent Injunction** |
| Agate Group Inc., and Cherryl Macalino, | |
| Defendants. | |

Pursuant to Local Rule 143, Plaintiff United States of America and Defendants Agate Group Inc. and Cherryl Macalino stipulate to judgment on Count III of the United States' Complaint, seeking a permanent injunction under 26 U.S.C. § 7402(a), as follows. Counts I and II of the Complaint remain outstanding.

1. Defendants Agate Group Inc. and Cherryl Macalino waive the entry of findings of fact and conclusions of law under Federal Rules of Civil Procedure 52 and 65 and stipulate to the entry of the following permanent injunction against them. Defendants understand that this stipulated injunction shall constitute part of the final judgment in this case. Defendants further

understand and agree that the Court will retain jurisdiction over this matter for the purpose of implementing and enforcing this injunction, and understand that if either Defendant violates this injunction, they, or anyone acting in concert with them, may be found in contempt of court and may be sanctioned and/or imprisoned.

    a. Agate shall, and Macalino shall cause Agate and any other employer entity that they control to, withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

    b. Agate shall, and Macalino shall cause Agate and any other employer entity that they control to, timely deposit withheld employee taxes, and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

    c. Agate shall, and Macalino shall cause Agate and any other employer entity that they control to, timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

    d. Macalino shall sign and deliver to a designated IRS revenue officer, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

    e. Agate shall, and Macalino shall cause Agate and any other employer entity that they control to, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Macalino shall provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing;

f. Agate shall, and Macalino shall cause Agate and any other employer entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

g. Agate and Macalino are enjoined from paying other creditors of Agate or from transferring, disbursing, or assigning any money, property, or assets of Agate after the date of the injunction order until after such time as the required deposits described in paragraphs C-1 and C-2, and any liabilities described in paragraph C-6, have been paid in full, for any tax period ending after the injunction is issued;

h. Agate and Macalino are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Agate's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

i. Agate and Macalino shall permit a representative from the Internal Revenue Service to inspect Agate's books and records periodically, with two business days' notice of each inspection;

j. For the five-year period beginning on the date this injunction order is entered, Macalino shall notify, in writing, such revenue officer as the IRS designates, if Macalino comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event.  Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Macalino.

k. Agate shall deliver to all of its current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

2. The Court shall retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

3. If Macalino or Agate violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation;

   a. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer.

   b. If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

   c. If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Macalino or Agate, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Macalino and Agate should not be held in contempt of this injunction and why Agate should not be ordered to cease doing business immediately and why Macalino should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

Dated: June 6, 2022

        DAVID HUBBERT
        Deputy Assistant Attorney General

        */s/ Matthew P. Uhalde*
        TY HALASZ
        MATTHEW P. UHALDE
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        *Attorneys for the United States*

        */s/ Todd Luoma*
        Todd Luoma
        *Attorney for Defendants Agate Group Inc.*
        *and Cherryl Macalino*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  June 15, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE